IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA BAYER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:11-cv-02105-UN4 |
| | : (The Honorable Robert D. Mariani) |
| CITIMORTGAGE, INC., | : |
| Defendant. | : |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

Defendant CitiMortgage, Inc. ("Citi"), by way of its Answer and

Affirmative Defenses to the Complaint of Plaintiff Patricia Bayer ("Plaintiff"),

hereby avers as follows:

1.      Denied as stated.  It is admitted only that Patricia Bayer is the

Plaintiff in this case.  After reasonable investigation, Citi is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph and, therefore, they are denied.

2.      Admitted.

3.      Denied.  After reasonable investigation, Citi is without

knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and, therefore, they are denied.

4.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

5.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

6.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

7.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

8.      Admitted.

9.      Admitted.

10.      Denied.  By way of further response, Citi's records show the mortgage was recorded at Book 1620 Page 487.

11.      Admitted.

12.      Admitted.

13.      Admitted in part, denied in part.  It is admitted that the parties entered into a Loan Modification Agreement on or about December 23, 2009.  The

remainder of the allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the remainder of the allegations of this paragraph are denied.

14.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

15.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

16.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

17.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.  By way of further response, consistent with the terms of the Mortgage and other loan documents, Plaintiff was required to escrow for taxes and insurance since the inception of the loan.

18.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the

extent a response is required, the allegations of this paragraph are denied.

Consistent with the terms of the Mortgage and other loan documents, Plaintiff was

required to escrow for taxes and insurance since the inception of the loan.  The

Loan Modification Agreement did not relieve Plaintiff of that obligation as it

provided, among other things, in paragraph 13 that the provisions of the Mortgage

and other loan documents remained in full force and effect.

19.     Denied.  The allegations of this paragraph pertain to a

document that speaks for itself, and therefore no response is necessary.  To the

extent a response is required, the allegations of this paragraph are denied.

20.     Denied.  It is specifically denied that Plaintiff timely made the

payments required by the Loan Modification Agreement, the Note and the

Mortgage.

21.     Denied.  The allegations of this paragraph pertain to a

document that speaks for itself, and therefore no response is necessary.  Consistent

with the terms of the Mortgage and other loan documents, Plaintiff was required to

escrow for taxes and insurance since the inception of the Loan.  The Loan

Modification Agreement did not relieve Plaintiff of that obligation as it provided,

among other things, in paragraph 13 that the provisions of the Mortgage and other

loan documents remained in full force and effect.  By way of further response, in

June 2010, two months after the Loan Modification Agreement took effect, Citi

informed Plaintiff that she was responsible for escrow payments in comportment with the Agreement

      22.     Denied.

      23.     Admitted in part, denied in part.  It is admitted only that Plaintiff made monthly payments to Citi that totaled more than $717.86, which is the amount set forth in the Loan Modification Agreement for principal and interest. After reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph concerning Plaintiff's motivations, and, therefore, they are denied.

      24.     Denied.  After reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

      25.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

      26.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

      27.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the

extent a response is required, it is admitted that amounts in excess of Plaintiff's principal and interest payments were applied to an escrow account consistent with the terms of Plaintiff's Mortgage and the Loan Modification Agreement.

28.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.  It is further specifically denied that Plaintiff's obligation to pay escrow was in "stark contrast" to the terms of the Loan Modification Agreement.

29.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

30.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

31.     Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

32.     Denied.

33.     Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

34.     Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.  By way of further response, the monthly account statements attached by Plaintiff to her complaint also demonstrate a consistent history of late payments resulting in late charges being assessed to her account.

35.     Admitted only that Plaintiff made a payment in June 2011 of $725.00.  The remaining allegations of this paragraph are denied.

36.     Admitted in part, denied in part.  It is admitted only that Plaintiff made a second payment of $265.00 in June 2011.  The remaining allegations of this paragraph are denied.

37.     Admitted.

38.     Admitted.

39.     Denied.  By way of further response, in June 2011, Plaintiff had accrued late fees and unpaid principal, interest and escrow payments in excess of $5,000.  Plaintiff's payment of $725.00 was made fourteen days after the due date for Plaintiff's June mortgage payment and did not represent payment in full.

40.     Denied.

41.     Admitted in part, denied in part.  It is admitted only that Plaintiff's July 2011 current amount due, including arrearages, was $5,344.09. The remaining averments of this paragraph are denied.

42.     Denied.

43.     Admitted in part, denied in part.  It is admitted only that Plaintiff has contacted Citi with regard to her account.  It is specifically denied that the dispute between Plaintiff and Citi was caused by Citi's "failure to accurately credit payments and … other violations of the agreement."  By way of further response, after reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to Plaintiff's motivations and, therefore, they are denied.

44.     Denied.  By way of further response, Citi has no record of the receipt of the May 17, 2011 letter.

45.     Denied.  By way of further response, Citi has no record of the receipt of the May 17, 2011 letter.

46.     Denied.  It is specifically denied that the dispute between Plaintiff and Citi was caused by Citi's "failure to accurately credit payments and … other violations of the agreement."

47.     Denied.

48.     Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied

49.     Denied.

50.     Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is necessary,  has properly been assessed late and other charges.

51.     Denied.

52.     Denied. By way of further response, the statement attached by Plaintiff to her Complaint dated June 20, 2011 shows that Citi credited Plaintiff's account with the $725.00, six days after she made the payment, which was fourteen days late.

## COUNT I

53.     Citi hereby incorporates the averments in Paragraphs 1 through 52 as if fully set forth herein.

54.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

55.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

56.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

57.     Denied.  The averments of this paragraph and sub-paragraphs 57(A) through (C) constitute conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied.

58.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

59.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

60.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

61.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

62.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

63.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

64.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

65.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

66.     Denied.  By way of further response Plaintiff's account is past due because of her habitual late payments and the fees and expenses she has accrued as a result thereof.  Citi has properly instituted collection protocols as a result of Plaintiff's constant failure to pay according to schedule.

67.     Admitted in part, denied in part.  It is admitted only that Plaintiff has properly been assessed late and other charges.  All other averments of this paragraph are denied.

68.     Denied. By way of further response, the statement attached by Plaintiff to her complaint dated June 20, 2011 shows that Citi credited Plaintiff's account with the $725.00, six days after she made the payment, which was fourteen days late.

69.     Denied.

70.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

71.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

72.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

## COUNT II

73.     Citi hereby incorporates the averments in Paragraphs 1 through 72 as if fully set forth herein.

74.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

75.     Admitted.

76.     Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

77.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

78.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

79.     Denied.  By way of further response, after reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to whether the letter was sent and for what purpose, and, therefore, these allegations are specifically denied.

80.     Denied.

81.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

82.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

83.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

90.    Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

91.    Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

92.    Denied.

93.    Denied.

94.    Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are specifically denied.

95.    Denied.  The allegations of this paragraph pertain to documents that speak for themselves, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are specifically denied.

96.    Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are specifically denied.

97.    Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the

averments of this paragraph are denied.  By way of further response, the statement

attached by Plaintiff to her complaint dated June 20, 2011 shows that Citi credited

Plaintiff's account with the $725.00, six days after she made the payment, which

was fourteen days late.

98.    Denied.  The averments of this paragraph constitute conclusions

of law to which no response is required.  To the extent a response is required, the

averments of this paragraph are denied.

99.    Denied.  The averments of this paragraph constitute conclusions

of law to which no response is required.  To the extent a response is required, the

averments of this paragraph are denied.

100.    Admitted in part, denied in part.  It is admitted only that

Plaintiff has contacted Citi with regard to her account.  It is specifically denied that

the dispute between Plaintiff and Citi was caused by Citi's "failure to accurately

credit payments and … other violations of the agreement."  By way of further

response, after reasonable investigation, Citi is without knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph relating

to Plaintiff's motivations and, therefore, they are denied.

101.    Denied.  The allegations of this paragraph pertain to a

document that speaks for itself, and therefore no response is necessary.  To the

extent a response is required, the allegations of this paragraph are denied

102.   Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied

103.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

104.   Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.  By way of further response, Citi specifically denies that it failed to properly apply Plaintiff's payments.

105.   Denied.

106.   Denied.

107.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

## COUNT III

108.   Citi hereby incorporates the averments in Paragraphs 1 through 107 as if fully set forth herein.

109.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

110.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

## COUNT IV

111.   Citi hereby incorporates the averments in Paragraphs 1 through 110 as if fully set forth herein.

112.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

113.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

114.   Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

115.   Denied.

116.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

117.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

118.   Denied.  The averments of this paragraph and sub-paragraphs 118(a), (b) and (c) constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

119.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

**COUNT V**

120.   Citi hereby incorporates the averments in Paragraphs 1 through 119 as if fully set forth herein.

121.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

122.   Denied.  By way of further response, after reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to Plaintiff's motivations and, therefore, they are denied.

123.   Denied.

124.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

125.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

126.   Denied.  By way of further response, after reasonable investigation, Citi is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph relating to Plaintiff's motivations and, therefore, they are denied.

127.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

128.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

129.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

130.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

## COUNT VI

131.   Citi hereby incorporates the averments in Paragraphs 1 through 130 as if fully set forth herein.

132.   Denied.  After reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

133.   Denied.  After reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

134.   Denied.  After reasonable investigation, Citi is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

135.   Denied.

136.   Denied.

137.   Denied as stated.  It is admitted only that Citi reported Plaintiff's account status to the credit bureaus.  It is specifically denied that Citi reported inaccurate information.

138.   Denied.

139.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

## COUNT VII

140.   Citi hereby incorporates the averments in Paragraphs 1 through 139 as if fully set forth herein.

141.   Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the averments of this paragraph are denied.

142.   Admitted.

143.   Denied.  The allegations of this paragraph pertain to a document that speaks for itself, and therefore no response is necessary.  To the extent a response is required, the allegations of this paragraph are denied.

144.   Denied.  Consistent with the terms of the Mortgage and other loan documents, Plaintiff was required to escrow for taxes and insurance since the inception of the Loan.  The Loan Modification Agreement did not relieve Plaintiff of that obligation as it provided, among other things, in paragraph 13 that the provisions of the Mortgage and other loan documents remained in full force and effect.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.    Denied.  By way of further response, the statement attached by Plaintiff to her complaint dated June 20, 2011 shows that Citi credited Plaintiff's account with the $725.00, six days after she made the payment, which was fourteen days late.

WHEREFORE Defendant CitiMortgage, Inc. respectfully requests this Court enter judgment in its favor and against Plaintiff Patricia Bayer.

## AFFIRMATIVE DEFENSES

150.    Plaintiff's Complaint fails to state any claim upon which relief may be granted.

151.    Plaintiff's claims are barred, in whole or in part, by the doctrine of release and/or waiver.

152.    Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and/or comparative negligence.

153.    No acts, actions, or omissions of Citi or any of its employees, agents, or ostensible agents, were the proximate, legal, direct or contributing cause, or a substantial or a contributing factor, of the injuries alleged in Plaintiff's Complaint.

154.    Plaintiff has failed to mitigate her damages.

155.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

156.    Citi has not violated RESPA in its dealings with Plaintiff.

157.   Citi has acted in good faith and without malice or intent to injure Plaintiff.

158.   Plaintiff has not suffered any actual damages or realizable ascertainable loss.

159.   Plaintiff has not established any pattern or practice of unlawful conduct.

160.   Plaintiff's counsel's correspondence was not a qualified written request.

161.   Plaintiff has not satisfied her obligations under the applicable note and mortgage.

162.   Plaintiff's state law claims are preempted, in whole or in part by, the federal Fair Credit Reporting Act.

163.   Plaintiff have not alleged any basis for punitive damages.


Respectfully Submitted,


/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr., 59409
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599

Attorneys for Defendant, CitiMortgage


OF COUNSEL:
Maura E. McKenna (Pa. Bar No. 202940)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599

Dated:        February 6, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2012, I served the foregoing

Answer and Affirmative Defenses on counsel of record by electronically filing it

with the Clerk of the Court using the ECF system.


/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr., 59409